IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| United States of America, | ) | |
| --- | --- | --- |
| | ) | |
| | ) | Wayne R. Andersen |
| v. | ) | District Judge |
| | ) | |
| Ronald T. Morgan | ) | Case No. 06 CR 674 |
| | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on defendant's motion to quash arrest and suppress evidence. For the following reasons, the motion is denied.

### BACKGROUND

The defendant Ronald T. Morgan is charged in a one-count indictment of bank robbery by force or violence in violation of 18 U.S.C. § 2113(a). The court held a suppression hearing in this matter, which revealed the facts set forth below.

On September 13, 2006, Morgan entered the Vamco Credit Union ("Vamco") located at 1001 E. Touhy Avenue, in Des Plaines, Illinois wearing a dark-colored, long-sleeve, hooded sweatshirt, black sweat pants with cargo pockets, and a mask similar to the one worn in the movie "Scream." He carried a backpack and a realistic-looking toy gun. The defendant approached the teller, pointed the gun, and demanded ten thousand dollars. He gave his backpack to the teller who then placed money from her teller drawer in the bag and handed it to the defendant. He ran out of the credit union. Along the way, Morgan transferred the cash he had received from Vamco to his pants' cargo pockets and discarded the backpack.

The Des Plaines Police Department's dispatch received a 911 call from Vamco employees at 1130 a.m., shortly after the defendant had left the credit union. Officer Badofsky

1

arrived several minutes later and, upon observing squad cars blocking the driveway exits closest to the 1001 E. Touhy Avenue building, drove west and blocked the remaining driveway exit near the adjacent 999 E. Touhy Avenue building. The officer stopped one individual leaving the area by car to make inquiries about the recent bank robbery. He asked that individual for permission to check his vehicle, and finding nothing unusual allowed him to continue on his way

Shortly thereafter, the defendant walked toward Officer Badofsky. He observed that Morgan was sweating and short of breath. As the defendant approached, the officer instructed him to stop. The officer asked where Morgan was coming from and informed him of the recent events. The defendant replied that he had come from the 1001 E. Touhy Avenue building and was going to the nearby gas station for a drink. The officer who was familiar with the area estimated that the gas station is about a quarter of a mile away from the 1001 E. Touhy Avenue building. Further, this is an area with low pedestrian traffic.

After conversing briefly with Morgan, Officer Badofsky conducted a pat down search for weapons. When the officer reached the defendant's legs, he noticed a bulge and saw that there was a large amount of money bundled with paper clips placed in the cargo pocket of Morgan's pants. He asked the defendant where he had obtained the money and was told first that the defendant owned a business and was making a bank deposit. A few moments later the officer asked again where the money had came from and Morgan said that he had won it at a casino. At this point, the officer arrested the defendant.

## DISCUSSION

Defendant Morgan argues that his arrest should be quashed and all evidence flowing therefrom suppressed because his arrest was the result of an improper investigative stop by the

Des Plaines police officer. He claims that the officer did not possess the necessary probable cause to arrest him.

We deny Morgan's motion to quash and suppress because we find that ample evidence existed to establish probable cause to arrest Morgan. Specifically, it was reasonable for a police officer assigned to secure the area to stop all individuals leaving the area and make a preliminary inquiry to gather information relating to the reported robbery. Next, we find the officer to be credible and accept his testimony insofar as it conflicts with Morgan's in two key instances. First, the officer observed Morgan to be short of breath and sweating. Second, he saw the money in Morgan's cargo pocket during the pat down. In addition to the officer's credible testimony, the amount of cash recovered and the fact that it was bundled in paper clips make it more likely that the money was in plain view, not as the defendant claimed in a closed pocket.

The Fourth Amendment to the United States Constitution states that the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. Amend. IV. However, the court has recognized a key exception when the police officer may briefly detain a person for investigative purposes so long as he has "specific and articulable facts sufficient to give rise to a reasonable suspicion that a person has committed or is committing a crime." *United States v. Vega*, 72 F.3d 507, 515 (7th Cir. 1995); s*ee also Terry v. Ohio*, 392 U.S. 1 (1968); *United States v. Sokolow*, 490 U.S. 1, 7 (1989). "The police must be able to give a rational explanation for why they suspected the person they stopped." *United States v. Feliciano*, 45 F.3d 1070, 1072 (7th Cir. 1995).

In this case, the police officer observed Morgan to be in a location, the area of 999 E. Touhy Avenue, which was not usually frequented by pedestrians. This made Morgan's presence on foot at a minimum unusual. Further, the defendant was sweating and seemed short of breath. The dispatch had reported shortly after the officer arrived on the scene that the bank robber had fled running west, the direction of 999 E. Touhy Avenue from the robbed credit union.

When an officer investigates someone with suspicious behavior at close range and justifiably believes that this person is range "is armed and presently dangerous to the officer or to others, he may conduct a limited protective search for concealed weapons." *Adams v. Williams*, 407 U.S. 143, 146 (U.S. 1972) (internal citations omitted). According to the dispatch recording at 11:39 a.m., the officer radioed for a further description of the suspect. The next dispatch transmission stated that the male suspect had a gun in his right hand. Though Morgan did not have a gun in his hand at the time, the officer was reasonable in conducting a pat down search for his protection. As we have concluded that the officer saw the money during an appropriate pat down search, there was probable cause for Morgan's arrest. Therefore, all fruits from the search and subsequent arrest will not be suppressed or quashed. *See Adams,* 407 U.S. at 194.

In his motion to suppress, the defendant also seeks to suppress the statements made by Morgan at the Des Plaines Police Station. At the hearing, defense counsel took the position that the basis for the suppression of Morgan's statement was the arrest, not the issue of proper Miranda warnings. Having found that the arrest was proper, Morgan's statement is not suppressed. Further, upon hearing testimony from Detective DePastors who took Morgan's statement, we conclude that the proper Miranda warnings were given before his voluntary statement was taken.

## CONCLUSION

For the foregoing reasons, defendant's motion to quash arrest and suppress evidence [27] is denied.

It is so ordered.

_____
Wayne R. Andersen
District Judge

Dated: October 19, 2007